UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| TERRENCE J. BARNETT,[1] ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 15-1614 (BAH) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the federal Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 16] and the District of Columbia Metropolitan Police Department's Motion to Dismiss, or, in the Alternative, for Summary Judgment [ECF No. 17]. For the reasons discussed below, the Court will grant the motions and dismiss this case.

I. BACKGROUND

The Court construes the plaintiff's complaint as one under the Privacy Act, *see* 5 U.S.C. § 552, with respect to records maintained by the Federal Bureau of Prisons ("BOP").[2] Generally, the plaintiff alleges that reliance on false or inaccurate information in his presentence

---

[1] Various spellings of the plaintiff's first name appear in the record of this case. The Court adopts "Terrence," the version appearing on the Federal Bureau of Prisons' Inmate Locator and corresponding with Reg. No. 42703-007.

[2] The plaintiff also purports to raise Privacy Act claims with respect to records of the Superior Court of the District of Columbia, *see* Compl. at 4-5, the Metropolitan Police Department ("MPD"), *see id.* at 5, the Federal Bureau of Prisons ("BOP"), *see id.* at 13, and the Court Services and Offender Supervision Agency ("CSOSA"), *see id.* at 5. Because the Court understands the complaint to raise a claim only against the BOP under the Privacy Act, the Court grants the federal defendants' motion to dismiss the United States and CSOSA as parties in this action. Further, because the Privacy Act applies to federal entities and expressly excludes the government of the District of Columbia, *see* 5 U.S.C. §§ 551(1)(D), 552a(1), the claims against the Superior Court and the MPD are dismissed.

1

investigation report ("PSR"), *see* Compl. at 5, 14-17 (page numbers designated by ECF), has been "used to arrest and convict [him]," such that he is "now serving prison time for [an offense or offenses he is] 100 % innocent of," *id*. at 5. He asserts that such "false misrepresentation[s]" about him "prejudice him in obtaining parole, work assignments, transfer to a prison nearer [to] his home, [a]ffect his appeal(s), Pardon/Commutation of [his] sentence and other legal issues." *Id*. at 9. "[S]everal false facts have and are being used against [him]," the plaintiff claims, "and this falsity is causing [him] to suffer physi[c]al, mental and emotional distresses [which] could, should, and would have been avoided[.]" *Id*. at 20. The plaintiff demands that the defendants "[r]emove all false facts from [his PSR], arrest warrant and all other government files," and "[o]verturn [his] current conviction or [grant him a] new trial." *Id*. at 5; *see id*. at 9-12, 20. In addition, the plaintiff demands an award "of one million to fifty million in damages for false arrest, false imprisonment, obstructing justice, malicious prosecution, falsifying documents, and for . . . pain & suffering." *Id*. at 6.

## II. DISCUSSION

### A.  *Dismissal Under Rule 12(b)(6)*

A complaint is subject to dismissal if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 (2007)); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief," *Twombly*, 550 U.S. at 555 (alteration in original), and "nudge[ ] [the] claims across the line from conceivable to plausible," *id*. at 570. The Court must "assume[] the truth of all well-pleaded factual allegations in the complaint and construe[] reasonable inferences from those allegations in the plaintiff's favor," but it "is not required to accept the plaintiff's legal conclusions as correct." *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014) (internal quotations and citations omitted). With these considerations in mind, the Court concludes that the plaintiff's complaint must be dismissed.

### B. The Federal Defendants' Motion to Dismiss

Generally, "[t]he Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted); *see Doe v. Chao*, 540 U.S. 614, 618 (2004) (stating that Privacy Act "gives agencies detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements"). For example, an individual may request amendment of an agency's records or information in a system of records pertaining to him. *See* 5 U.S.C. § 552a(d)(2). The individual may file a civil action against an agency which "makes a determination . . . not to amend [the] record in accordance with his request." *Id*. § 552a(g)(1)(A).

The Privacy Act also requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination." *Id*. § 552a(e)(5). An individual may file a civil action against the agency if it

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

*Id*. § 552a(g)(1)(C). If the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual following from the agency's failure to maintain its records with the requisite level of accuracy, costs of the action and attorney fees. *Id*. § 552a(g)(4).

The Privacy Act is not a vehicle for challenging a criminal conviction, however. *See Semrau v. U. S. Immigration & Customs Enforcement*, No. 5:13-CV-188, 2014 WL 4626708, at *5 (S.D. Miss. Sept. 12, 2014) (finding that "attempts to use the Privacy Act to challenge a conviction, a reprimand imposed as a punishment therefrom, or any other action or decision recorded in an agency file is barred by law"); *Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 5 (D.D.C. 2009) ("To the extent that this Privacy Act case is a disguised collateral attack on the plaintiff's conviction and sentence . . . it is misplaced."); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (discussing D.C. Code § 23-110 as the "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence"). Nor is it "a vehicle for amending the judgments of federal officials . . . as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992). Rather, it "allows for the amendment of factual

4

or historical errors" alone, *Rogers v. U.S. Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal. 1985), and the plaintiff "cannot avail himself of the Privacy Act in order to challenge the determinations themselves," *Jacobs v. Bureau of Prisons*, 845 F. Supp. 2d 224, 230 (D.D.C. 2012) (citations omitted), *aff'd*, No. 12-5129, 2012 WL 6603085 (D.C. Cir. Dec. 17, 2012).

Furthermore, "[t]he agency obligations created by the Privacy Act are not absolute[.]" *Meyer v. Fed. Bureau of Prisons*, 940 F. Supp. 9, 134 (D.D.C. 1996).  Relevant to this case are BOP regulations which exempt the Inmate Central Records System (JUSTICE/BOP-005) from subsections (d) and (g) of the Privacy Act.  *See* 28 C.F.R. § 16.97(a)(1), (4).  Because a prisoner's PSR is maintained in the BOP's Inmate Central Records System, relief in the form of amendments to the plaintiff's PSR simply is not available.  *See White v. U.S. Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (holding that appellant is "barred from seeking amendment of his presentence report" because "presentence reports and BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act"); *Jennings v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 65, 71 (D.D.C. 2009) ("Insofar as plaintiff demands amendment of any record maintained in the Inmate Central Files system, that is, amendment of the PS[R], custody classification form, or security designation form, this relief . . . is unavailable.").[3]

In addition, BOP regulations exempt the Inmate Central Records System from subsection (e)(5) of the Privacy Act.  *See* 28 C.F.R. § 16.97(j); *see also id*. § 16.97(k)(2).  Thus, the BOP

---

[3] Furthermore, a PSR is a court document, and the federal courts are expressly exempt from the Privacy Act.  *See Hankerson v. United States*, 594 F. App'x 608, 609 (11th Cir. 2015) (noting that the term "agency" excludes the federal courts, and that the Probation Office which prepared the plaintiff's PSR serves as an arm of the court); *Jefferson v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 43, 47 (D.D.C. 2009) (dismissing Privacy Act claim against U.S. Probation Office because it "is a component of the Administrative Office of the United States Courts, part of the judicial branch of government" and therefore not subject to the Act).

exempts the Inmate Central Records System from the substantive provision regarding the agency's recordkeeping obligations.  It follows that there remains no remedy under the Privacy Act for harm resulting from inaccuracies in the inmate records.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (affirming dismissal of Privacy Act claims against BOP which had "exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)"); *Earle v. Holder*, 815 F. Supp. 2d 176, 181-82 (D.D.C. 2011) ("It is settled that inmate records maintained by BOP, including presentence reports, have been exempted from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g))."), *aff'd*, No. 11-5280, 2012 WL 1450574, at *1 (D.C. Cir. Apr. 20, 2012); *Conklin v. U.S. Bureau of Prisons*, 514 F. Supp. 2d 1, 6 (D.D.C. 2007) (concluding that "plaintiff effectively is barred from obtaining any remedy, including damages, under subsection (g), for the BOP's alleged failure to maintain records pertaining to him with the mandated level of accuracy").

The plaintiff's complaint fails to state a viable Privacy Act claim for amendment of records or for monetary damages, and, therefore, the federal defendants' motion to dismiss will be granted.

### C. The District of Columbia Defendants' Motion to Dismiss

Notwithstanding the Court's initial conclusion that the plaintiff proceeds only under the Privacy Act, arguably there are three possible claims, false arrest, false imprisonment, and malicious prosecution, *see* Compl. at 6, which "can be interpreted as being brought against MPD (or the District [of Columbia])," Mem. in Support of District of Columbia Metropolitan Police Department's Mot. to Dismiss, or in the Alternative, for Summ. J. [ECF No. 17-1] ("D.C.

Mem.") at 2.[4]  These claims must fail, however, because the complaint fails to state them adequately.

"The elements of the tort of false arrest and false imprisonment are: (1) the detention or restraint of [the plaintiff] against his will within boundaries fixed by the defendant, and (2) the unlawfulness of the restraint." *Saha v. Lehman*, 537 F. Supp. 2d 122, 126 (D.D.C. 2008) (citations omitted), *aff'd,* No. 08-7047, 2008 WL 4726053 (D.C. Cir. July 31, 2008).  The few facts set forth in the complaint simply do not allow this Court to draw a reasonable inference that the District of Columbia defendants are liable for the misconduct alleged.  Similarly, absent factual allegations that "[t]here [has been] (a) a criminal proceeding instituted or continued by the [District] against the plaintiff, (b) termination of the proceeding in favor of the [plaintiff], (c) absence of probable cause for the proceeding, and (d) [m]alice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice," *Amobi v. District of Columbia Dep't of Corr.*, 755 F.3d 980, 992 (D.C. Cir. 2014) (quoting *DeWitt v. District of Columbia*, 43 A.3d 291, 296 (D.C. 2012) (emphasis removed), the complaint does not state a malicious prosecution claim.

---

[4]  Mentioned in the complaint is MPD Detective Anthony Brigadini, who allegedly "stated several false facts in a signed affidavit of allegations used to arrest and convict the plaintiff" of an unspecified criminal offense. Compl. at 5.  The plaintiff deems "this Detective . . . a part of the D.C. M.P.D. and therefor[e] the D.C. M.P.D. is responsible" for the harms he allegedly has suffered.  Pl.'s Mot. of Opp'n to Not Dismiss Pl.'s Civil Compl. [ECF No. 23] at 2.  For purposes of this discussion, the Court proceeds as if – but not deciding that – Detective Brigadini is a party defendant on whom service of process has been made.

## III. CONCLUSION

The plaintiff's complaint fails to allege Privacy Act or tort claims upon which relief can be granted. The Court therefore grants the defendants' motions to dismiss. An Order is issued separately.

DATE: June 15, 2016                           /s/ *Beryl A. Howell*

                                                                         BERYL A. HOWELL
                                                                         Chief Judge